IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00987-GPG

JAMES M. JOYNER,

    Petitioner,

v.

RICK RAEMISCH, Executive Director, Colorado Department of Corrections, and
PAM PLOUGH, Warden, Skyline Correctional Facility,

    Respondents.

---

ORDER DISMISSING CASE

---

    Petitioner, James M. Joyner, is in the custody of the Colorado Department of Corrections and is incarcerated at the Skyline Correctional Center in Canón City, Colorado.  He initiated this action on May 8, 2015 by filing a "Petition for Writ of Habeas Corpus Pursuant to C.R.S. 13-45-101" (ECF No. 1).  Mr. Joyner challenges the execution of his state sentence.

    On May 11, 2015, Magistrate Judge Gordon P. Gallagher entered an Order Directing Petitioner to Cure Deficiencies within thirty days.  (ECF No. 3).  Specifically, Magistrate Judge Gallagher directed Mr. Joyner to file a § 1915 motion and affidavit or pay the $400.00 filing fee.  In addition, Petitioner was instructed to submit his claims on the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    On May 26, 2015, Mr. Joyner filed a Letter (ECF No. 4) asking that he be allowed to dismiss this action voluntarily because he has not yet exhausted his available state

court remedies.

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No responsive pleading has been filed by Respondents in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The Letter, therefore, closes the file as of May 26, 2015. *See Hyde Constr. Co.*, 388 F.2d at 507.

Mr. Joyner is reminded that the time during which this action was pending does not toll the one-year limitation period in 28 U.S.C. § 2244(d)(1). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of May 26, 2015, the date Plaintiff filed a Letter (ECF No. 4) requesting voluntary dismissal of this action.

DATED May 29, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court